MATTER OF ARABIAN

In Section 212(e) Proceedings

A-13821102

*Decided by District Director January 4, 1966*

Application for a waiver of the foreign residence requirement of section 212 (e), Immigration and Nationality Act, as amended, is granted an exchange visitor from Turkey since compliance therewith would result in exceptional hardship to her 2 stepchildren and United States citizen spouse who has been denied a 2-year leave of absence from his job as a TV technician to accompany her abroad and has no guarantee of reemployment and will lose all existing benefits and rights if he terminates his employment; if he accompanies her abroad he will be unable to secure a job in his field in Turkey and to support those dependent on him, including his partially-dependent mother and mother-in-law by his first marriage; to take to Turkey the 6-year-old children adopted by him and his first wife would defeat the purpose of adoption and in addition to the adverse effects suffered by them upon the death of their adoptive mother, they would be subjected to additional and unnecessary emotional strain if left here and separated from the applicant, the mother they have known for over 2 years.

**Discussion:** The applicant was born on March 5, 1924 in Istanbul, Tur'·y. She was admitted to the United States as an exchange visitor nurse on November 8, 1962 destined to Newark Beth Israel Hospital, Newark, New Jersey for participation in Exchange Visitor Program P-102. This training was terminated on October 28, 1963 at the time of her marriage to Jack Arabian, a native-born citizen of the United States. Satisfactory evidence of this marriage has been presented.

Supporting documents submitted with the application reflect that Mr. Arabian, age 50, has been employed as a television technician with ABC-TV Studios in Union City, New Jersey for 12 years. Upon request to his employer for a two-year leave of absence in order to accompany his wife abroad, he was advised that such request could not be granted. In addition, he was informed that should he voluntarily terminate his employment, he would lose all existing benefits and seniority rights and in the event he sought re-

employment at a later date, there would be no guarantee that he would be hired inasmuch as such period of absence from an industry with rapid technological advances would preclude proper execution of the job.

Mr. Arabian was previously married to a United States citizen. However, such marriage was terminated by death on October 5, 1962. Prior to the former Mrs. Arabian's death, they adopted two infant children, Gail and Gregory Arabian, born March 24, 1960 and February 9, 1960, respectively. Mr. Arabian has made every endeavor to provide a comfortable home for these children and has assumed all other responsibilities of a good parent. He has stated that taking these children to Turkey would be defeating the purpose for which he adopted them and to leave them in the United States would be unfair. In addition, he has stated that the children were adversely affected by the death of his first wife and if they were now to be separated once again from the mother they have known and loved for over two years, it would be subjecting them to additional and unnecessary emotional strain.

Mr. Arabian's mother, age 78, and his mother-in-law, age 74, from his first marriage, are both partially dependent upon him for support. His mother is in ill health and he feels he is under a moral, as well as a legal, obligation to contribute to her support. His mother-in-law, by his previous marriage, is also in ill health and has no close relatives as his former wife was an only child. He also feels morally bound to contribute to her support. If he were forced to leave the United States to accompany his wife, he would be unable to secure a job in the field of work in which he has been trained and could not provide the support to those dependent upon him.

In view of the foregoing, it has been determined that compliance with the foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, would impose exceptional hardship upon Mrs. Arabian's United States citizen spouse and step-children. The Department of State has reviewed the application and recommends that the waiver be granted. It is further concluded, that the admission of the applicant to the United States would be in the public interest.

ORDER: It is ordered that the application of Mrs. Maryann Arabian for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be and the same is hereby granted.